# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A.A. and L.A. on behalf of A.A., Jr.,** | **CASE NO. 1:13-CV-1777 AWI SMS** |
| **Plaintiffs** | **ORDER DENYING MOTION FOR** |
| | **TEMPORARY RESTRAINING ORDER** |
| **v.** | |
| **CLOVIS UNIFIED SCHOOL DISTRICT, MARY BASS in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR OF SPECIRAL EDUCATION FOR CLOVIS USD,** | |
| **Defendants** | |

A.A., Jr. ("Student") is a 13 year old attending a school in Defendant Clovis Unified School District ("CUSD"). Plaintiffs A.A. and L.A. are the Student's parents. Student has Down's syndrome and received specialized educational services at CUSD in accord with the Individuals with Disabilities Education Act. Each school year, CUSD prepares an individual education program ("IEP") which is presented to parents for approval. Plaintiffs have disagreed with CUSD's educational plans for the Student. Plaintiffs seek to have the Student placed in more classes with the general student population. CUSD seeks to have the Student placed in more classes that are specific to students with special needs. On November 14, 2012, Plaintiffs filed a request for a due process hearing ("DPH") to challenge the Student's 2012-2013 IEP. The First DPH was held before an Administrative Law Judge ("ALJ") on January 23-25, 2013 and February 4-8, 2013. On April 5, 2013, the ALJ ruled in favor of CUSD, finding the 2012-2013 IEP to be appropriate. CUSD has created a new IEP for the Student for 2013-2014. Plaintiffs object to the 2013-2014 IEP and will not agree to its implementation. CUSD has filed a request for another

DPH to determine the appropriateness of the new IEP.  The DPH is scheduled to begin November 12, 2013.

Plaintiffs have filed two federal suits against CUSD, Mary Bass, and Clovis SELPA (collectively "Defendants") concerning the Student's education.  This suit deals with the upcoming DPH scheduled for November 12, 2013.  Plaintiffs have filed a motion for temporary restraining order ("TRO") to halt the DPH. Doc. 9.

## II. Legal Standards

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).  "Injunctive relief...must be tailored to remedy the specific harm alleged." Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

## III. Discussion

### A. Irreparable Harm

Plaintiffs assert that the irreparable harm they would suffer is the expenditure of money to participate in the DPH.  Plaintiffs do not object to the substantive outcome of the DPH as they argue that it will have no effect on the Student's current educational situation.  If Plaintiffs prevail at the DPH, "the status quo would be in effect." Doc. 9, Part 1, Brief, 4:28.  If Defendants prevail at the DPH, the ALJ "is bound to comply with the IDEA and California Education Code to preserve the status quo, he cannot order a change in Student's program or placement, no matter what his findings concerning appropriateness or inappropriateness of the District's proposed program." Doc. 1, Complaint, 2:11-15.  The sole claim of irreparable harm is the cost of

1   presenting a case at the DPH.

2          Being forced to pay for litigation expenses in a collateral legal matter is generally not

3   considered irreparable harm without a special showing of exigent circumstances. See Solidus

4   Networks, Inc. v. Excel Innovations, Inc., 502 F.3d 1086, 1099 (9th Cir. 2007).  With regards to

5   real persons, loss of money can constitute irreparable harm if they demonstrate a lack of funds to

6   spare in paying for basic necessities. See Beno v. Shalala, 30 F.3d 1057, 1064 n.10 (9th Cir.

7   1994).  That is not the circumstance in this case.  Plaintiffs admit that they would in fact spend the

8   money to fully participate in the DPH if they felt they could gain the recovery they wished: "the

9   hearings in November 2012 and January and February 2013. We lost about $3,500.00 in gross

10  income and would do so again if there was any possibility that we could improve our son's

11  prospects for a productive life....We do not have the resources to present a proper defense at the

12  due process hearing as we need to conserve our resources for the federal court case, and for that

13  reason decided that we could not pay for witnesses, binders, exhibits and copies for a hearing that

14  will not make any difference in our son's education." Doc. 9, Part 2, L.A. Declaration, 2:2-21.  As

15  Plaintiffs do not believe the DPH will affect the final outcome of their dispute with Defendants,

16  they are choosing not to expend resources on the proceeding.  That is a litigation tactic and does

17  not constitute irreparable harm.

18

19  **B. Timeliness**

20          This motion was filed at 4:10 PM on Friday, November 8, 2013.  Plaintiffs seek to enjoin a

21  state administrative proceeding set for 1:00 PM on Tuesday, November 12, 2013.  Monday,

22  November 9, 2013 is Veterans Day, a state and federal holiday.  The November 12, 2013 hearing

23  date was set on October 21, 2013; it was originally set for October 24, 2013, but delayed at the

24  request of Plaintiffs. See Doc. 1, Part 5, OAH Order.  Local Rules of the Eastern District of

25  California state "In considering a motion for a temporary restraining order, the Court will consider

26  whether the applicant could have sought relief by motion for preliminary injunction at an earlier

27  date without the necessity for seeking last-minute relief by motion for temporary restraining order.

28  Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may

conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Local Rule 231(b).  Plaintiffs' motion is untimely.  Plaintiffs had three weeks notice of the hearing date (and knew that a DPH would take place even earlier than that) but only filed the TRO at the last minute.  Plaintiffs' attorneys have made no explanation for the untimeliness of the motion.  The court finds the motion for TRO to be unduly delayed within the meaning of Local Rule 231(b), meriting denial.

### IV. Order

Plaintiffs' motion for a temporary restraining order is DENIED.  If Plaintiffs wish to be heard on a motion for preliminary injunction, they must file a new motion that addresses the issues raised in this order.

IT IS SO ORDERED.

Dated:   November 12, 2013         _____

                                 SENIOR  DISTRICT  JUDGE