1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8  | **A.A. and L.A. on behalf of A.A., Jr.,** | **CASE NO. 1:13-CV-01777 AWI SMS** |

9  | **Plaintiffs** | **ORDER GRANTING DEFENDANTS'** |
   |                | **MOTION TO DISMISS**              |

10 | **v.** |

11 | **CLOVIS UNIFIED SCHOOL DISTRICT,** |

12 | **MARY BASS in her personal and official** |
   | **capacities as SELPA ADMINISTRATOR** | (Doc 13) |

13 | **and DIRECTOR of SPECIAL** |
   | **EDUCATION for CLOVIS USD**, |

14 | **Defendants** |

15

16      Plaintiffs A.A. and L.A, on behalf of A.A. Jr. (collectively "Plaintiffs") bring this action

17  against Clovis Unified School District ("CUSD") and Mary Bass, individually and in her official

18  capacities as SELPA Administrator and Director of Special Education for CUSD (collectively

19  "Defendants"). Plaintiffs seek declaratory and injunctive relief related to A.A. Jr.'s placement in

20  school under the Individuals with Disabilities Education Act ("IDEA"). The Court addresses

21  Defendants' motion to dismiss the Complaint.

22      I.      BACKGROUND

23          Plaintiffs' Complaint involves the same parties and identifies some of the same factual

24  allegations as Case No. 1:13-CV-01043 in this Court, which brings eight causes of action also

25  related to A.A. Jr.'s education. That case appeals an ALJ's decision in CUSD's favor dated April

26  5, 2013 regarding A.A. Jr.'s Individual Education Program ("IEP") for the 2012-2013 school year.

27  According to the IDEA, during the pendency of proceedings in district court "the child shall

28  remain in the then-current educational placement of the child."  20 U.S.C S 1415(j).

1    This case arises out of A.A. Jr.'s IEP for the 2013-2014 school year. Doc. 1, 1:20-23. The

2   2013-2014 IEP was substantially similar to the 2012-2013 IEP, which A.A. and L.A. had rejected.

3   Doc. 1, 2:8-10. A.A. and L.A. also refused to consent to the 2013-2014 IEP. Doc. 1, 5:14-22.

4   CUSD filed a request for a due process hearing with the Office of Administrative Hearings, to

5   which Plaintiffs filed a motion to dismiss and were denied. Doc. 1, 1:18-25, 2:17-18.  Plaintiffs

6   requested two continuances of the hearing. Doc. 19-2, pp. 2-3.

7    This Complaint was filed on November 2, 2013. Doc. 1. It requests that the Court make

8   certain declarations of law, and that Defendants be required to keep A.A. Jr. in his present

9   placement according to the IDEA's "stay-put" provision. Doc. 1, 9:26-10:18. Plaintiffs filed a

10   motion for temporary restraining order on November 8, 2013 to enjoin the hearing from occurring

11   (Doc. 9), which was denied for failure to demonstrate irreparable harm (Doc. 12). Plaintiffs did

12   not file a motion for injunction. The hearing took place on November 12 and 13, 2013, and the

13   ALJ found in favor of CUSD. Doc. 19-2, Exh. A, pp. 1, 28.

14    Defendants brought this motion to dismiss the Complaint on November 25, 2013. Doc. 13.

15   The matter was taken under submission without oral argument. Doc. 20.

16   II.    RULE 12(b)(1)

17    Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter

18   jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1). For federal question jurisdiction to exist, the

19   requirements of 28 U.S.C. Section 1331, which gives federal courts jurisdiction only to those

20   cases which arise under federal law, must be met.  28 U.S.C. § 1331. Statutory conditions that

21   require a party to take some action before filing a lawsuit are not automatically jurisdictional

22   prerequisites to suit. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 161, 130 S. Ct. 1237, 176

23   L. Ed. 2d 18 (2010). The Ninth Circuit specifically found that the IDEA's exhaustion requirement

24   is an affirmative defense, not a jurisdictional requirement. *Payne v. Peninsula Sch. Dist.*, 653 F.3d

25   863, 867 (9th Cir. 2011).

26    This case arises under the IDEA, a federal statute. Administrative exhaustion is not a

27   jurisdictional requirement. Hence, the Court has jurisdiction to hear this case.

28   III.    RULE 12(b)(5)

2

1    Because Defendants have waived the issue (Doc. 19, 3:20-4:2), the Court will not address

2    the issue of proper service.

3    IV.    RULE 12(b)(6)

4           Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

5    plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

6    dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

7    absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*,

8    646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1121

9    (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

10   taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT*

11   *Sec. Servs*., 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121.

12          To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter,

13   accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

14   662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S.

15   544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when

16   the plaintiff pleads factual content that allows the court draw the reasonable inference that the

17   defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

18          The court "should grant leave to amend even if no request to amend the pleading was

19   made, unless it determines that the pleading could not possibly be cured by the allegation of other

20   facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

21   V.    DISCUSSION

22          Plaintiffs' Complaint fails to state a claim upon which relief may be granted. Plaintiffs do

23   not allege a violation of the IDEA, under which they bring their Complaint. Doc. 1, 3:21-22. The

24   IDEA requires that each state establish a plan providing assurances that children with disabilities

25   receive a free appropriate public education. 20 U.S.C. §1412(1)(A). The children should be

26   educated with children who are not disabled, and separate schooling shall only occur when the

27   disability is such that education in regular classes cannot be achieved satisfactorily. 20 U.S.C.

28   §1412(5)(A). This is referred to as "Free appropriate public education" in the "Least restrictive

1  environment." 20 U.S.C. §1412 (1) and (5). "The IDEA provides procedural safeguards to permit

2  parental involvement in all matters concerning the child's education program and allows parents to

3  obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate."

4  *Robb v. Bethel Sch. District*, 308 F.3d 1047, 1049 (9th Cir. 2002) (overruled on other grounds in

5  *Payne*, *supra*, 653 F.3d 863).

6      Plaintiffs' grievance brought in the Complaint is not regarding the substance of the 2013-

7  2014 IEP, but regarding the due process hearing and the possible violation of the IDEA's "stay-

8  put" provision. It is inappropriately brought as an IDEA action, which seeks judicial review of an

9  unsatisfactory or inappropriate decision. While Plaintiffs' Complaint identifies the disagreements

10  they have with the 2013-2014 IEP (Doc. 1, 4:27-5:8), Plaintiffs do not bring the action seeking

11  judicial review of the IEP. They bring the action in order to enjoin Defendants from violating the

12  stay-put provision. The request for relief mainly desires that A.A. Jr. remain in his current

13  placement until the judicial proceedings are complete. Doc. 1, 9:26-10:11.

14      As their first cause of action, Plaintiffs only identify that there exists a "stay-put" provision

15  during the pendency of judicial proceedings under the IDEA. Doc. 1, 8:14-9:8. As their second

16  cause of action, Plaintiffs identify a similar provision under the California Education Code. Doc.

17  1, 9:9-9:23. Plaintiffs do not allege any facts to support that either of these provisions were

18  violated, nor that they are likely to be violated. Plaintiffs do not allege anywhere in the Complaint

19  or in their opposition, which was filed months after the administrative hearing took place, that

20  A.A. Jr. was removed from his present placement. That Plaintiffs did not bring additional

21  allegations regarding a potential violation of the "stay-put" provision" months after the hearing in

22  their opposition, demonstrates that the violation they sought to enjoin by bringing this separate

23  action had not occurred by the time of filing. The facts in the Complaint, taken as true and

24  construed in the most favorable light to Plaintiffs, do not state a claim to relief.

25      Further, a violation of the IDEA's "stay-put" provision is not itself an independent cause of

26  action. The desired injunction tends to be brought as a motion in a substantive case. *See Joshua A.*

27  *v. Rocklin Unified School Dist.*, 559 F.3d 1036, 1038-39 (9th Cir. 2009) (A student may file a stay

28  put motion during the pendency of any judicial proceeding). It appears that Plaintiffs should have

4

1   sought relief in the form of a motion in the underlying matter.

2          Plaintiffs also seek a determination of whether CUSD has an obligation to request a due

3   process hearing when Plaintiffs are involved in litigation over the same proposed program. Doc

4   18, 14:5-7. However, the Court cannot make this determination without a cause of action, as the

5   courts do not render advisory opinions. *See e.g., Golden v. Zwickler*, 394 U.S. 103, 89 S. Ct. 956,

6   22 L. Ed. 2d 113 (1969).

7          Plaintiffs have not alleged a cause of action under the IDEA, nor under the IDEA's "stay-

8   put" provision. The Complaint and the opposition make no allegations of violation of IDEA, nor

9   any other harm suffered by Plaintiffs. Because no harm was alleged before or after the hearing,

10  and because a violation of the IDEA's "stay-put" provision is not itself a cause of action, the

11  Complaint could not possibly be cured by the allegation of other facts and leave to amend will not

12  be granted.

13  VI.    DEFENDANT MARY BASS

14         Because this action is dismissed in its entirety, the Court will not address the issue of

15  Defendant Mary Bass' individual liability.

16  VII.   RULE 18 – JOINDER OF CLAIMS

17         Plaintiffs have requested that this matter be joined to related Case No. 1:13-cv-01043 in

18  their request for relief. Doc. 1, 10:12-14. A party asserting a claim may join as many claims as it

19  has against an opposing party. Fed. R. Civ. P. 18. This request may properly be brought as a

20  noticed motion. Plaintiffs may not bypass the procedural requirements by requesting joinder in the

21  Complaint's request for relief.

22  VIII.  ORDER

23         For the foregoing reasons, Defendants Motion to Dismiss the Complaint is hereby

24  GRANTED without leave to amend.

25

26  IT IS SO ORDERED.

27  Dated:   July 11, 2014          _____

28                                  SENIOR  DISTRICT  JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28