UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A.A. and L.A. on behalf of A.A., Jr.,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**CLOVIS UNIFIED SCHOOL DISTRICT, MARY BASS in her personal and official capacities as SELPA ADMINISTRATOR and DIRECTOR of SPECIAL EDUCATION for CLOVIS USD,**<br><br>**Defendants** | **CASE NO. 1:13-CV-01777 AWI SMS**<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

**I. Background**

Plaintiffs A.A. and L.A., on behalf of A.A. Jr. (collectively "Plaintiffs") brought this action against Clovis Unified School District ("CUSD") and Mary Bass, individually and in her official capacities as SELPA Administrator and Director of Special Education for CUSD (collectively "Defendants"). Plaintiffs sought declaratory and injunctive relief related to A.A. Jr.'s placement in school under the Individuals with Disabilities Education Act ("IDEA"). The Court addresses Defendants' motion for attorney's fees.

Plaintiffs' Complaint involved the same parties and identified some of the same factual allegations as Case No. 1:13-CV-01043 filed in this Court, which brings eight causes of action also related to A.A. Jr.'s education. That case appeals an ALJ's decision in CUSD's favor dated

April 5, 2013 regarding A.A. Jr.'s Individual Education Program ("IEP") for the 2012-2013 school year. According to IDEA, during the pendency of proceedings in district court "the child shall remain in the then-current educational placement of the child." 20 U.S.C.S. 1415(j).

This case arose out of A.A. Jr.'s IEP for the 2013-2014 school year. Doc. 1, 1:20-23. The 2013-2014 IEP was substantially similar to the 2012-2013 IEP, which A.A. and L.A. had rejected. Doc. 1, 2:8-10. A.A. and L.A. also refused to consent to the 2013-2014 IEP. Doc. 1, 5:14-22. CUSD filed a request for a due process hearing with the Office of Administrative Hearings, to which Plaintiffs filed a motion to dismiss and were denied. Doc. 1, 1:18-25, 2:17-18. Plaintiffs requested two continuances of the hearing. Doc. 19-2, pp. 2-3.

This Complaint was filed on November 2, 2013. Doc. 1. It requested that the Court make certain declarations of law, and that Defendants be required to keep A.A. Jr. in his present placement according to the IDEA's "stay-put" provision. Doc. 1, 9:26-10:18. Plaintiffs filed a motion for temporary restraining order on November 8, 2013 to enjoin the hearing from occurring (Doc. 9), which was denied for failure to demonstrate irreparable harm (Doc. 12). Plaintiffs did not file a motion for injunction. The hearing took place on November 12 and 13, 2013, and the ALJ found in favor of CUSD. Doc. 19-2, Exh. A, pp. 1, 28.

Defendants brought a motion to dismiss the Complaint on November 25, 2013. Doc. 13. On July 11, 2014, this Court issued an order granting the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Doc. 25. The Court found that the Plaintiff's Complaint was inappropriately brought as an IDEA action, which seeks judicial review of an unsatisfactory or inappropriate decision. Doc. 25, 4:9-10. The Complaint did not seek a judicial review of the IEP, but rather sought to enjoin the Defendant's from violating the stay-put provision. Doc. 25, 4:10-12. The Complaint also failed to allege any facts that the stay-put provision had been violated, nor that it was likely to be violated. Doc. 25, 4:20-22. Further, a violation of the IDEA's "stay-put" provision is not itself an independent cause of action and thus should have been brought as a motion in the underlying matter (referring to Case No. 1:13-CV-01043). Doc 25, 4:25-26. For the above reasons, the Plaintiff's Complaint was dismissed without leave to amend. Doc 25.

On October 6, 2014, Defendants brought this motion for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Doc. 27. Defendants seek an award in the amount of $17,918.50 for fees incurred by the Defendant's in defending the Plaintiff's Complaint for injunctive relief. Defendants seek this award against the Plaintiff's attorneys of record, Yvette C. Sterling, Esq., and Barbara E. Ransom, Esq. of Sterling Law Firm, and Marianne Malveaux, Esq. Doc. 27, 2:4-5.

## II. Legal Standard

"In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint . . . that is frivolous, unreasonable, or without foundation or to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint . . . was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. §1415(i)(3)(B).

## III. Discussion

Although Defendants prevailed in their motion to dismiss the Plaintiff's Complaint, it cannot be said that the circumstances were exceptional so as to compel an award of attorney's fees since the litigation between the two parties is still unresolved. The Ninth Circuit has stated regarding the granting of attorney's fees under Handicapped Children's Protection Act (the predecessor to the IDEA) that the attorney's fee provision is to be interpreted consistent with fee provisions under 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964. *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1284 (9th Cir. 1991); *Abu-Sahyun By & Through Abu-Sahyun v. Palo Alto Unified Sch. Dist.,* 843 F.2d 1250, 1252 (9th Cir. 1988). It is evident that this is because the language of 42 U.S.C. § 1988 parallels that of the IDEA, "In any action or proceeding to enforce a provision . . . of this title, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. In accordance with this objective, courts are permitted to award attorney's fees to prevailing *plaintiffs* as a matter of course, but are permitted to award attorney's fees to prevailing *defendants* under 42

1  U.S.C. §§ 1988 . . . only "in exceptional circumstances." *Harris v. Maricopa Cnty. Superior*
2  *Court*, 631 F.3d 963, 971 (9th Cir. 2011); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).
3  Defendants prevailed only in a small procedural sense unworthy of an award reserved only for
4  exceptional circumstances.

5        The burden of establishing entitlement to attorney's fees lies solely with the claimant
6  seeking the fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
7  "In a civil rights action with multiple claims a defendant is entitled only to those fees attributable
8  exclusively to defending against plaintiff's frivolous claims*" Harris v. Maricopa Cnty. Superior*
9  *Court*, 631 F.3d 963, 972 (9th Cir. 2011). Here, Defendants have not shown that the work asserted
10 in dismissing the Plaintiff's Complaint would not have been performed but for the Plaintiff's
11 Complaint. In the present case, had Plaintiffs properly filed the Complaint as a motion in the
12 substantive case that is ongoing between the parties, the Defendant's would have been fighting the
13 same general complaint but as a motion rather than as a separate action. It cannot therefore be said
14 that the work asserted by the Defendants would not have been performed but for Plaintiff's
15 complaint where the work would inevitably have been done if the Complaint was filed correctly as
16 a motion.

17       In addition, the Defendants have not shown that their victory was substantial enough to
18 award fees in light of the ongoing case between the parties. The Supreme Court has stated that the
19 degree of success of the litigant is a relevant consideration in determining an award of attorney's
20 fees. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983).
21 Some "technical victories" may be so insignificant that it is insufficient to confer "prevailing party
22 status" upon the litigant. *Farrar v. Hobby*, 506 U.S. 103, 113, 113 S. Ct. 566, 574, 121 L. Ed. 2d
23 494 (1992) (despite winning a declaratory judgment, the plaintiffs could not alter the defendant
24 school board's behavior toward them for their benefit); *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.
25 Ct. 202, 203, 102 L. Ed. 2d 1 (1988) (declaratory judgment will constitute relief, for purposes of §
26 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff). Thus, there is a
27 threshold of victory which at minimum must be surpassed in order to be entitled to attorney's fees.
28 Here, achieving a dismissal of a small collateral matter is insufficient for an award of attorney's

4

fees since the Defendant's litigation with the Plaintiffs is ongoing. Therefore, this amounts to a mere technical victory and does not affect the behavior of the parties towards one another.

### IV. Conclusion

Defendants achieved a mere procedural victory in the instant case while the bulk of the substantive litigation between the parties is ongoing. Without deciding whether Plaintiff's Complaint would otherwise be "frivolous, unreasonable, or without foundation", this Court chooses to exercise its discretion under 20 U.S.C. § 1415 in declining to award Defendants the prayed for attorney's fees. The Plaintiffs took a procedural misstep in filing their complaint as a new action rather than as a motion in the ongoing litigation between these two parties. With another action pending between the parties with substantially similar factual allegations, the Court will not award attorney's fees at this time.

### V. Order

For the foregoing reasons, Defendant's Motion for attorney's fees is hereby DENIED.

IT IS SO ORDERED.

Dated:   January 27, 2015                              _____
                                                         SENIOR DISTRICT JUDGE